UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW R. POULIN,   )  | |
|    Plaintiff,   )  | |
|   )  | |
| vs.   )  | Case No. 22-2092 |
|   )  | |
| ALISHA WAITE,   )  | |
|    Defendant   )  | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff was a federal prisoner at the time he brought this action and filed his complaint pursuant to *Bivens* against one Defendant: Federal Probation Officer Alisha Waite. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Plaintiff's complaint focuses on two terms of supervised release.

Plaintiff says his first term of supervised release "began in January 2018 until Ms. Waite revoked me in March of 2019." (Comp., p. 3). However, Plaintiff waited too long to bring any claims associated with this time period. "The statute of limitations for *Bivens* claims against federal officers is the same as for §1983 actions against state

officers." *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Since Plaintiff's claims took place in Illinois, he is subject to a two- year statute of limitations period. *See* 735 ILCS 5/13-212. ! This clock began to run when Plaintiff knew or had reason to know of the injury which formed the basis of his claim. *See Woidtke v. St. Clair County, Illinois*, 335 F.3d 558, 562 (7th Cir. 2003); *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Since Plaintiff's first term of supervised release ended in January of 2018, at best Plaintiff had until January of 2020 to file his complaint. Instead, Plaintiff initiated this lawsuit on April 5, 2022. Therefore, his claims are barred by the statute of limitations.

Plaintiff's second term of supervised release began on November 29, 2020, and Plaintiff again disputes the conditions imposed. For instance, Plaintiff says Probation Officer Waite monitored his phone activity and blocked internet sites. Defendant Waite also demanded Plaintiff inform certain individuals of his criminal past, interviewed his girlfriend, and generally "harassed" him over any romantic relationship. (Comp., p. 10). Plaintiff provides details concerning Defendant Waite's investigation and his positive drug screens which he alleged were "false positives." (Comp., p. 15)

Plaintiff vaguely mentions Defendant Waite testifying during a sentencing hearing on November 30, 2021, which Plaintiff also alleges was a constitutional violation.

At the conclusion of his complaint, Plaintiff alleges Defendant Waite caused him emotional distress and anxiety, broke up relationships, and caused him to lose his employment and apartment. Therefore, he asks for $10,000 in damages and "a hearing on this matter." (Comp, p. 18).

The Court takes judicial notice of Plaintiff's two, related criminal cases in the Central District of Illinois. In *People v. Poulin*, Case No. 11 cr 40116, Plaintiff pled guilty to two counts of possession of child pornography. As noted, Plaintiff began his first term of supervised release in January of 2018. However, a petition for revocation was filed in March of 2019 and a supplemental petition was filed in April of 2019. A hearing was held on February 5, 2020, and the Court found Plaintiff had violated the terms of his release.

The Court also notes a petition to modify Plaintiff's supervised release was filed due to his "lack of cooperation with the probation officer to address a potential risk to a third party, specifically, a female with minor children with whom defendant was in a romantic relationship." (Def. Mot., [30], p. 1). However, the government filed a Motion to Withdraw the petition on July 8, 2021, after prosecutors stated Plaintiff began cooperating with his probation officer and providing "necessary information to comply with the probation officer's obligations." (Def. Mot., [30], p. 1).

A second petition for revocation was filed in July of 2021. A revocation hearing was held on November 15, 2021, and the Court found Plaintiff had again violated the terms of his release.

In *People v. Poulin,* Case No. 19-cr-20030, Plaintiff was indicted in April of 2019 on a charge of failing to register as a sex offender. Plaintiff pled guilty on May 16, 2019, of

failing to provide information concerning internet sites. Plaintiff faced the same petition of revocation in July of 2021 and was found guilty on November 15, 2021.[1]

The Court also notes Plaintiff filed a previous *Bivens* lawsuit in the Central District of Illinois against various individuals including Defendant Waite. *See Poulin v. Wagner*, Case No. 21-2309. Plaintiff again maintained the drug test results were not reliable, and "his probation officer interfered with his right to association by breaking up his relationships." April 4, 2021 Merit Review Order.

> [T]his allegation is too vague. Plaintiff does not explain with whom he was not allowed to associate, when this occurred, or the circumstances under which it occurred. For example, the supervised release conditions prohibited Plaintiff from interacting with convicted felons or, in certain circumstances, minor females. *See* 19-cr-20030, 2/7/20 judgment, supervised release terms 12, 14. A challenge to those restrictions would belong in Plaintiff's criminal cases, not in a civil lawsuit against the parole officer enforcing those provisions. Further, parole officers are entitled to absolute immunity from a civil lawsuit for initiating of revocation proceedings. April 4, 2022 Merit Review Order (citation omitted).

Plaintiff was given time to file an amended complaint clarifying his allegations. Plaintiff chose to file an amended complaint against other Defendants, but he filed this lawsuit separately with his claims against Defendant Waite.[2]

Plaintiff's complaint against Defendant Wait provides more information concerning his contacts and the supervision he believes was unconstitutional. However, "[g]enerally, a … probationer's First Amendment right of association may be

---

[1] A few months after Plaintiff filed his complaint in this lawsuit, a third petition for revocation was filed in both cases and Plaintiff was again found guilty of violating the terms of his supervised release. *See People v. Poulin*, Case No. 11 cr 40116; *People v. Poulin,* Case No. 19-cr-20030.

[2] His first case was ultimately dismissed for failure to state a claim upon which relief could be granted. *See* June 24, 2022 Merit Review Order

4

restricted so as long as the restriction is reasonably related to achieving the goals of supervision." *Coleman v. Thomas*, 2020 WL 1912002, at *3 (W.D.Wis. April 20, 2020), citing *United States v. Showalter*, 933 F.2d 573, 575 (7th Cir. 1991); *Morales v. Schmidt*, 489 F.2d 1335, 1343 (7th Cir. 1973).

As noted, the Defendant Probation Officer was required to monitor Plaintiff's contact with minor females including any children of his girlfriend. Plaintiff could only be around his girlfriend's minor female children if she was present, and she was "aware of the nature of your background and current offense." *See People v. Poulin*, Case No. 19-cr-20030, February 7, 2020 Judgment. Therefore, it was clearly important for Defendant Waite to determine whether Plaintiff's girlfriend had female children and if she was aware of the basis of his convictions.

In addition, the monitoring of Plaintiff's phone confirmed Plaintiff's contacts with other individuals with minor, female children. *See People v. Poulin,* Case No. 19-cr-20030, [40]. Furthermore, the release of information concerning Plaintiff's criminal conviction was approved by the Court in some instances. *See People v. Poulin*, Case No. 19-cr-20030, [40]. The Probation Officer's monitoring activities which Plaintiff protests were either specific terms of his release or reported to the Court based on Plaintiff's conduct. As noted, Plaintiff's remedy concerning the specific terms of his release was in his criminal court case, not with the probation officer tasked with enforcing those conditions.

In addition, Plaintiff cannot seek damages for a revocation "based on the violation of release conditions that he contends are unconstitutional" because a

5

"successful damages claim would vitiate the basis for his commitment, and *Heck v. Humphrey* ... bars civil damages actions where a 'judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Henderson v. Bryant*, 606 Fed.Appx. 301, 304 (7th Cir. 2015), *quoting Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

Furthermore, the Defendant Probation Officer is not responsible for damages associated with losing a job or apartment due to the revocation of his supervised release. Finally, as Plaintiff was previously advised, "probation officers are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process." *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018); see also *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994) (parole board members are absolutely immune from suit for their decision to grant, deny, or revoke parole); *Thompson v. Duke*, 882 F.2d 1180, 1184–85 (7th Cir. 1989) (parole board members are entitled to absolute immunity not only for the actual decision to revoke parole but also for activities that are part and parcel of the decision process, including scheduling a hearing); *Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985) (probation revocation is a criminal proceeding, and prosecutors are absolutely immune from suit for acts taken in initiating a probation revocation proceeding).

As Plaintiff has already been allowed one opportunity to amend, the Court does not believe Plaintiff can cure the stated deficiencies if given additional opportunities.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2) The dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 4th day of November, 2022.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE